UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY JAMES BOGES,

    Plaintiff,

v.                                                                   Case No.  6:13-cv-1634-Orl-TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

This case comes before the Court without oral argument on the Commissioner of Social Security's Opposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to Defendant. (Doc. 23).

Plaintiff Larry James Boges applied for Social Security disability insurance benefits on October 4, 2006, alleging that his disability began on March 2, 2005.  (Tr. 116-120).  His claim was denied initially, on reconsideration, after a hearing before an administrative law judge, and by the Appeals Council.  (Tr. 1-5, 14-25).  He appealed to this Court, <u>Boges v. Commissioner of Social Security</u>, Case No. 6:11-cv-571-Orl-TBS, which reversed and remanded the case for further administrative proceedings. (Tr. 1061-1068).

After remand, the Commissioner scheduled a video teleconference hearing in Port Orange, Florida.  Plaintiff objected to appearing by video teleconference and requested an in-person hearing.  (Tr. 1169-1182).  He says this claim is very important to him, he wants the ALJ to be able to see him, and an in-person hearing will improve the ALJ's ability to decide his credibility.  (Doc. 24 at 7).  Plaintiff's counsel adds that

"many attorneys and claimants question the adequacy of the small office and monitor used for video hearings." (Id. at 7 n. 1). The Court has reviewed the record and does not find an explicit ruling on Plaintiff's objection. But, it appears the objection was overruled because the administrative hearing was held by video teleconference. Following the hearing, the ALJ decided the case in favor of the Commissioner. (Tr. 954-970). Plaintiff waited 61 days and then filed this appeal. One of his arguments why this case should once again be reversed and remanded is that the Commissioner violated his right to an in-person hearing. (Doc. 20 at 10-15).

The Commissioner seeks remand pursuant to sentence four of 42 U.S.C. § 405(g) to instruct the ALJ to comply with SSR 13-2p on the evaluation of cases involving drug abuse and alcoholism; to reassess Plaintiff's residual functional capacity absent drug abuse and alcoholism; and to obtain evidence from a vocational expert to clarify the effect of non-exertional limitations on the occupation base. (Doc. 23 at 2). Plaintiff does not deny that these are good reasons to remand the case.

Section 405(g) permits judicial review of final decisions made by the Commissioner, and specifies the actions the district court can take when the case reaches it. Sentence four of § 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence four empowers the district court to remand a case to correct an error made by the Commissioner including when the Commissioner's decision is not supported by substantial evidence, or the

Commissioner (or the ALJ) incorrectly applies the law to a disability claim. Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996). On remand pursuant to sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983); Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984).

After due consideration, the Court finds that the Commissioner has provided three valid, undisputed reasons why a sentence four remand is appropriate. Accordingly, this case will be remanded pursuant to sentence four of § 405(g) to address the concerns raised by the Commissioner.

The Commissioner has advised that on remand, pursuant to her Hearings, Appeals, and Litigation Law Manuel ("HALLEX") section II-5-1-3, because Plaintiff's date last insured expired before the hearing decision, the Appeals Council will not require the ALJ to provide Plaintiff another hearing. (Id.). But, the Commissioner says Plaintiff may demonstrate to the ALJ that the facts of the case warrant another hearing.[1] (Id.). Plaintiff has raised as an issue on the motion for remand, the Commissioner's prior failure to give him an in-person hearing. If this case is remanded, Plaintiff wants an in-person hearing before an ALJ. The Commissioner did not take advantage of the opportunity the Court gave her to respond to this argument. It is therefore, arguably, unopposed.

---

[1] HALLEX II-5-1-3 begins by stating that "... due process requires that the claimant be given an opportunity for a hearing on the entire period to be ruled upon in the decision on remand ...". HALLEX II-5-1-3, 2003 WL 25498819 (2003). However, an exception is made for cases involving claims for Title II disability insurance benefits where the period at issue expires before the date of the hearing decision. Then, "... the [ALJ] need not offer the claimant the opportunity for a hearing unless the [ALJ] finds that the facts warrant it." Id.

It is up to the ALJ to set the time and place for the administrative hearing. HALLEX I-2-3-10, 1994 WL 1552640 (2013).  In making this decision, the ALJ must consider the number and types of cases to be set for hearing; the proximity of the hearing site to the claimant's residence; and the availability of the claimant, representative, and witnesses on the proposed hearing date.  Id. at A.  The ALJ also determines how the claimant will appear at the hearing, and then notifies the claimant of the manner of appearance in a notice of hearing.  Id. at A.1.  This may include an in-person appearance, the use of video teleconference equipment, or a telephonic appearance by the claimant.  Id.

Any party has a right to appear before an ALJ in-person, or when the conditions in 20 C.F.R. § 404.936(c)(1) exist, by video teleconference or telephone.  20 C.F.R. § 404.950(a).  The factors the ALJ considers when deciding whether to conduct a video teleconference hearing are whether video teleconference equipment is available, whether the use of video teleconference equipment is more efficient than conducting an in-person hearing, and whether there is a particular circumstance in the case that prevents the use of video teleconference equipment.  20 C.F.R. § 404.936(c)(1).

The Commissioner sends out a standardized notice of hearing informing the claimant that the hearing will be by video teleconference.  HALLEX I-5-1-16.III.C, 1991 WL 1302930 (2013).  Upon receipt of the notice of hearing:

> A claimant may object to the time or place of a hearing by notifying the ALJ of the reasons for the objection at the earliest possible opportunity, and the time and place he or she would prefer the hearing to be held.  When the hearing is scheduled by video teleconferencing, the claimant has an absolute right to request the hearing be postponed and re-scheduled in favor of an in-person

>hearing.  See 20 CFR 404.936(e) and 416.1436(e).  See also HALLEX I-5-1-16 III. B.

Id. at .III.D.

HALLEX I-5-1-16 .III.B states in part that "[a]lthough the claimant may only submit an objection after the notice of hearing is issued (see C. Below), our practice is to give claimants an opportunity to state a preference about appearing by VTC. [2] The ALJ will consider any stated preference by the claimant or the representative for or against appearing by VTC."  The ALJ "must find good cause for changing the time or place of a scheduled hearing if: ... the claimant objects to a hearing held by VTC." [3] HALLEX I-2-3-10.E.1.  "If a claimant who has been scheduled to appear by VTC requests an in-person hearing, the ALJ will reschedule the hearing to allow the claimant to appear in person."  HALLEX I-5-1-16.D.

In general, agencies are obligated to follow their own rules and regulations. Rowe v. U.S. Attorney General, 545 F. App'x. 888, 890 (11th Cir. 2013) ("[Board of Immigration Appeals] is required to follow its own regulations when exercising its discretion and issuing a decision.").

Based upon the Commissioner's own promulgated policies and procedures, the Court finds that the last time this case was at the administrative level, the Commissioner wrongly denied Plaintiff an in-person hearing.  Now, it would be patently unfair for the Commissioner, having denied Plaintiff an in-person hearing the

---

[2] "VTC" means video teleconference.  HALLEX I-2-3-10.A.

[3] The Code of Federal Regulation provides that the Commissioner will change the time or place of the hearing if the ALJ finds that the claimant has good cause.  20 C.F.R. § 404.936(e)(2).

last time this case was before an ALJ, to possibly deny Plaintiff any hearing at all. To rectify the Commissioner's wrong, the Court will require that on remand, Plaintiff be given an in-person hearing.

Plaintiff also argues that the Commissioner's motion does not include a reasonable time frame to complete the additional administrative proceedings the Commissioner wishes to conduct. (Id. at 8-9). The case of Heckler v. Day, 467 U.S. 104 (1984), was a class action in which plaintiffs sought declaratory and injunctive relief on behalf of Social Security disability claimants who had experienced long delays in scheduling and the issuance of decisions. The majority opinion states that "[i]n light of the unmistakable intention of Congress, it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims." Id. at 119. Then, in a footnote, the majority clarified that their decision not to impose absolute deadlines on all claims did not preclude the federal courts from prescribing mandatory deadlines as a remedy in individual cases. Id. at 119 n. 33. In the subsequent case of Bond v. Commissioner, a court in this district held that it was not precluded from compelling an ALJ to conduct a hearing on remand within 120 days. 6:13-cv-175-Orl-36DAB, 2014 U.S. Dist. LEXIS 9668, at *8-9 (M.D. Fla. Jan. 27, 2014).

Plaintiff submitted his original claim for benefits in October, 2006. This is the second time his case has reached this Court, and by the Commissioner's own admission, additional administrative proceedings are still required. No evidence has been cited to suggest that Plaintiff is responsible for any of the long delays that have

-6-

occurred. Accordingly, given the Commissioner's errors in the administration of this case, and the amount of time this case is taking to resolve, the Court finds it is appropriate to compel the ALJ to conduct a prompt hearing on remand.

For these reasons it is ORDERED that:

(1) This case is REVERSED and REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). On remand the ALJ shall:

(A) Provide Plaintiff an in-person hearing within 120 days from the date of this Order.

(B) Comply with Social Security Regulation 13-2p on the evaluation of cases involving drug abuse and alcoholism;

(C) Reassess Plaintiff's residual functional capacity absent drug abuse and alcoholism; and

(D) Obtain evidence from a vocational expert to clarify the effect of non-exertional limitations on the occupation base. See (Doc. 23 at 2).

(2) Remand makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S. C. § 2412.

(3) The Clerk is directed to TERMINATE all pending motions and deadlines, enter judgment consistent with this Order, and CLOSE the case.

DONE AND ORDERED in Orlando, Florida, on August 7, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel